UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:14-cv-12-FDW

| | |
|---|---|
| RONNIE NEIL PENLEY, ) | |
| ) | |
| Petitioner, ) | |
| vs. ) | **ORDER** |
| ) | |
| CYNTHIA THORNTON, Administrator, ) | |
| Harnett Correctional Institution, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** comes before the Court on initial review of pro se Petitioner Ronnie Neil Penley's 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus, (Doc. No. 1), on Petitioner's Motion to Proceed in Forma Pauperis, (Doc. No. 2), and on Petitioner's Motion to Appoint Counsel, (Doc. No. 4). For the following reasons, Petitioner's Motion to Proceed in Forma Pauperis will be denied, Petitioner's Motion to Appoint Counsel will be denied, and the petition will be dismissed as untimely.

## I. BACKGROUND

Petitioner is a North Carolina state court inmate currently incarcerated at Harnett Correctional Institution in Lillington, North Carolina. On or around April 15, 2009, Petitioner pled guilty to first-degree rape, first-degree sex offense, and indecent liberties with a child in Caldwell County Superior Court. Petitioner was sentenced to 384-470 months of imprisonment. Petitioner did not appeal. Petitioner states that he filed a motion for appropriate relief ("MAR") in Caldwell County Superior Court on April 17, 2013, which motion was denied on September 9, 2013. Petitioner states that he filed a motion for reconsideration of the denial of the MAR, which motion was denied on October 21, 2013. Petitioner states that he then filed a petition for

1

writ of certiorari in the North Carolina Court of Appeals, which petition was denied on December 12, 2013. In the habeas petition, Petitioner contends that he received a "grossly disproportionate sentence" in violation of the Eighth and Fourteenth Amendments to the U.S. Constitution; that his plea was involuntary and a violation of his due process rights because he was sentenced outside of the mitigated range; and that he received ineffective assistance of counsel, resulting in the violation of his rights under Brady v. United States, 373 U.S. 83 (1963).

The Court first considers Petitioner's Motion to Proceed in Forma Pauperis. A petition for a writ of habeas corpus requires a filing fee of $5.00. A review of the pleadings reveals that as of January 15, 2014, Petitioner had $13.29 in his inmate trust account. See (Doc. No. 3 at 1). Based on these figures, the Court finds that Petitioner has sufficient assets with which to pay the filing fee. Accordingly, the Court will deny his motion to proceed in forma pauperis.

## II. STANDARD OF REVIEW

The Court is guided by Rule 4 of the Rules Governing Section 2254 Cases, which directs habeas courts to examine habeas petitions promptly. Rule 4, 28 U.S.C.A. foll. § 2254. When it plainly appears from any such petition and any attached exhibits that the petitioner is not entitled to relief, the reviewing court must dismiss the motion. Id. After reviewing the record in this case, the Court finds that no response from the government is necessary.

## III. DISCUSSION

Under the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court must be filed within one year of the latest of:

 (A) the date on which the judgment became final by the conclusion of direct
review or the expiration of the time for seeking such review;

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Furthermore, for convictions that became final before the AEDPA's effective date, the limitations period began to run on April 24, 1996, the effective date of the Act. See Harris v. Hutchinson, 209 F.3d 325, 328 (4th Cir. 2000). Finally, the one-year limitations period is tolled during pendency of a properly filed state post-conviction proceeding. See 28 U.S.C. § 2244(d)(2).

Here, Petitioner pled guilty on April 15, 2009, and he did not appeal. At the latest, Petitioner's conviction became final ten days later on April 25, 2009. See Gladney v. Hall, No. 1:12cv3, 2013 WL 6633718, at *3 (M.D.N.C. Dec. 17, 2013) (because defendants in North Carolina have a limited right to appeal after a guilty plea, a conviction after a guilty plea will usually become final when judgment is entered). The statute of limitations expired, at the latest, one year later on April 25, 2010. As noted, Petitioner placed his petition in the prison mail system on January 15, 2014, and it was stamp-filed in this Court on January 22, 2014. Here, the petition is clearly time-barred, as it was not filed within one year of the date on which Petitioner's conviction became final. Furthermore, the filing of any motions after the one-year limitations period had already run did not revive the already expired one-year limitations period. See Minter v. Beck, 230 F.3d 663, 665 (4th Cir. 2000) (concluding that the Section 2254 petition was "clearly time-barred," where the petitioner had moved for post-conviction relief in state

3

court only after the time limitation had expired).

In Section 18 of the petition regarding timeliness, Petitioner argues that the petition is timely under 28 U.S.C. § 2244(d)(1)(C) or § 2244(d)(1)(D) because it was filed within one year of the Supreme Court's decisions in Martinez v. Ryan, 132 S. Ct. 1309 (2012), Trevino v. Thaler, 133 S. Ct. 1911 (2013), and McQuiggin v. Perkins, 133 S. Ct. 1924 (2013). This contention is without merit. First, the petition was not filed within one year of Martinez, which issued on March 20, 2012. In any event, Martinez does not help Petitioner because it does not apply retroactively on collateral review and it also simply does not afford Petitioner relief as to any of his claims. See Jones v. Ryan, 733 F.3d 825 (9th Cir.), cert. denied, 134 S. Ct. 503 (2013). Next, like Martinez, Trevino is not a new rule of constitutional law made retroactive to cases on collateral review and, even if it were, its holding does not apply to Petitioner's claims. See Pagan-San Miguel v. United States, 736 F.3d 44 (1st Cir. 2013). Finally, to the extent that Petitioner attempts to invoke the "actual innocence" exception to the one-year limitations period as recognized in McQuiggin v. Perkins, Petitioner has not shown compelling evidence of his actual innocence to get around the statute of limitations bar. At most, Petitioner contends that if counsel had properly investigated the crimes to which Petitioner pled guilty, then counsel would have discovered evidence showing Petitioner's actual innocence. This contention does not even come close to meeting the high burden of showing actual innocence in McQuiggin v. Perkins.

Next, to be entitled to equitable tolling, a petitioner must show that he has been pursuing his rights diligently and that some extraordinary circumstances stood in the way of him filing the petition in a timely manner. Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005). Here, Petitioner has not shown that he was diligent in pursuing his right to file his § 2254 petition, nor has he shown that an extraordinary circumstance prevented him from filing the petition in a timely

4

manner. Petitioner states that he did not receive his file from his counsel until March 2013, but he did not file the instant petition until January 2014. He has, therefore, not shown that he was diligent in filing his habeas petition in this Court. In sum, the petition will be dismissed as untimely.

## IV. CONCLUSION

For the reasons stated herein, Petitioner's § 2254 motion is untimely, and the petition will therefore be dismissed.[1]

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's § 2254 motion, (Doc. No. 1), is **DENIED** and petition is **DISMISSED**.

2. Petitioner's Motion to Proceed in Forma Pauperis, (Doc. No. 2), is **DENIED**.

3. Petitioner's Motion to Appoint Counsel, (Doc. No. 4), is **DENIED** as moot.

4. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, this Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must

---

[1] The Court is aware of the Fourth Circuit's directive in Hill v. Braxton, 277 F.3d 701, 706 (4th Cir. 2002), that a court must warn a petitioner that his case is subject to dismissal before dismissing a petition as untimely filed when justice requires it. Here, however, such warning is not necessary because, in his Section 2254 petition, Petitioner addressed the statute of limitations issue, and Petitioner's explanation indicates no confusion over the timeliness issue.

establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

Signed: February 5, 2014

Frank D. Whitney
Chief United States District Judge